**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

WISCONSIN ALUMNI RESEARCH
FOUNDATION,
a Wisconsin corporation,

                                              Civ. Action No. 11-cv-00785-BBC

        Plaintiff,

      v.

SIEMENS AG
a German corporation,

- and –

SIEMENS MEDICAL SOLUTIONS USA,
INC., a Delaware corporation,

        Defendants.

### [~~Proposed~~] STIPULATED PROTECTIVE ORDER

Pursuant to the Court's guidance at the Wednesday, June 6 telephonic hearing, and further Pursuant to Fed. R. Civ. P. Rule 26(c), the following order shall govern the production or provision of confidential information or things by the Parties in this case and any third parties (provided that such third parties recognize and accept the procedures herein) for the purpose of responding to discovery requests or inquiries. Upon stipulation of the Parties for an order pursuant to Fed. R. Civ. P. 26(c) that trade secret and other confidential information, including source code, be disclosed only in designated ways:

    1.    As used in this Protective Order, these terms have the following meanings:

> "**Party**" or "**Parties**" means the named Parties in this litigation; all predecessors and successors thereof; all present divisions, subsidiaries or affiliates of any of the forgoing entities; and all directors, officers, employees, agents, attorneys, or other

1

representatives of any of the foregoing entities.

"**Attorneys**" means counsel of record and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action, including but not limited to attorneys, paralegals, law clerks, technical staff, and clerical employees.

"**In House Counsel**" means up to two (2) designated persons for each Party who are in-house attorneys or members of the legal staff of the intellectual property department of the Party that are (i) employed by the Party, (ii) as part of that employment are required to participate in assessing the strengths and weaknesses of any claims or defenses in this action, (iii) do not make competitive decisions for the Party in light of information about competitors, and (iv) have executed the Written Assurance attached as Exhibit A. Any Party seeking to designate a person as "In House Counsel" under this section shall give notice to the opposing Party by providing the name of the proposed designee, the proposed designee's title, and a declaration describing the proposed designee's job duties. The opposing Party will have five (5) days to object to the proposed designee or to object to the release of specific information to the proposed designee. Any Party opposing a proposed designee or the release of specific information shall specify the basis for the objection. The Parties shall then meet and confer regarding any disputes. If the Parties cannot resolve their disputes informally, the opposing Party may move the Court for resolution, and the Party proposing the designee will have the opportunity to respond. Consent to any particular designee as "In House Counsel" shall not be unreasonably withheld.

> (i) Defendant Siemens Medical Solutions USA, Inc. ("SMS") proposes the following individual as an "In House Counsel" designee: Frank J. Nuzzi. Mr. Nuzzi is Senior Intellecutal Property Counsel for Siemens Corporation, and is responsible for managing United States intellectual property claims and litigation matters. Mr. Nuzzi is assisting with the defense of this patent infringement action.

> (ii) Defendant Siemens AG ("SAG") proposes the following individuals as "In House Counsel" designees: (1) Paul Salazar: Mr. Salazar is Senior Counsel in SAG's Corporate Legal Litigation Department. He is responsible for managing United States litigation matters, and his duties include managing intellectual property matters such

2

as this case; (2) Heinz Schmidt: Mr. Schmidt is a Senior Manager for SAG and is head of the Intellectual Property Department, Healthcare, Divisions IM and CP. His day-to-day responsibilities include managing United States intellectual property matters such as this case, and he works closely with SAG's outside counsel in that capacity.

(iii) Plaintiff Wisconsin Alumni Research Foundation ("WARF") proposes the following individuals as "In House Counsel" designees: (1) Stephanie Adamany: Ms. Adamany is Associate General Counsel for WARF. She is responsible for overseeing this case and working closely with WARF's outside counsel for that purpose; (2) Michael Falk: Mr. Falk is General Counsel for WARF. Mr. Falk's duties include supervising the legal department at WARF, including overseeing this case as part of those duties.

"**Outside Vendors**" means messenger, copy, database services, coding, and other clerical or litigation support service vendors retained by the Parties, their Attorneys, or In House Counsel;

"**Experts,**" means a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and (2) is not current employee of a Party or of a Party's competitor. For purposes of this Protective Order, "current employee" refers to any employee who is or becomes an employee of the Party or competitor during the pendency of the litigation.

"**Confidential**" documents are documents designated pursuant to Paragraph 2;

"**Confidential – Attorneys' Eyes Only**" documents are the subset of Confidential documents designated pursuant to Paragraph 3;

"**Highly Confidential – Source Code**" documents are the subset of Confidential documents designated pursuant to Paragraph 4;

"**Documents**" are all materials within the scope of Fed. R. Civ. P. 34;

"**Written Assurance**" means an executed document in the form attached as Exhibit A.

3

2. A Party may designate documents and information "Confidential" to protect information within Fed. R. Civ. P. 26(c). Any Party may designate such information "Confidential" if, ~~in the good faith belief of that Party or its counsel,~~ the unrestricted disclosure of such information would be potentially prejudicial to the Party's business or operations.



3. A Party may also designate documents and information "Confidential - Attorneys' Eyes Only" to protect information within Fed. R. Civ. P. 26(c). Any Party may designate such information "Confidential - Attorneys' Eyes Only" if, in the good faith belief of that Party or its counsel, the information is among that considered to be the most sensitive by the Party, including but not limited to trade secret or other confidential information or research, development, financial, or other commercial information.

4. A Party may also designate documents and information "Highly Confidential - Source Code" to protect information within Fed. R. Civ. P. 26(c). Any Party may designate such information "Highly Confidential - Source Code" if, in the good faith belief of the party or its counsel, the information is extremely sensitive, representing computer code and associated embedded comments in code and revision histories of the code, the disclosure of which to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

5. All "Confidential," "Confidential - Attorneys' Eyes Only," and "Highly Confidential - Source Code" documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in Paragraphs

4

9-11 below, depending on the specific designation level of the documents or information in question.

6.      Any other use of "Confidential," "Confidential - Attorneys' Eyes Only," and "Highly Confidential - Source Code" documents is prohibited. Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of additional intellectual property rights, as further described in Paragraph 21 below. This prohibition does not apply to information contained within documents or discovery responses, but otherwise available in the public domain.

7.      All information designated as "Confidential," "Confidential- Attorneys' Eyes Only," or "Highly Confidential – Source Code" must not be disclosed by the Party receiving such information to anyone other than those persons designated within this Protective Order, and must be handled in the manner set forth below in accordance with the specific level of confidentiality designation.

8.      Information designated as "Highly Confidential – Source Code" may be viewed only by the persons set forth in Paragraph 11 below. Review and use of "Highly Confidential – Source Code" information is governed by the following conditions:

a.      Any source code provided in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed, during normal business hours (9:00-5:00) or at other mutually agreeable times, including evenings and weekends, consent to which will not be unreasonably withheld. The Parties shall provide reasonable notice should they seek to inspect source code beyond normal business hours or during weekends. The producing Party shall make the electronic code available for inspection by the receiving Party on a computer ("Source Code Computer") at offices of the

5

producing Party's counsel of record. For Defendants, this location will be the San Francisco, CA office of Reed Smith LLP. For Plaintiff, this location will be the Minneapolis, MN office of Robins, Kaplan, Miller & Ciresi, L.L.P.

b.      The receiving Party may use appropriate software tools on the Source Code Computer, which shall by installed by the producing Party, including at least one text editor that is capable of printing out source code with page and line numbers and file names and paths, and at least one multi-file text search tool. The receiving Party may request that additional software tools be installed on the Source Code Computer, and any such request shall not be unreasonably denied. The receiving Party must provide the producing Party with advanced notice specifying the software tools it wishes to install, and the receiving Party shall bear any costs associated with the purchase or installation of the software tools.

c.      If reasonably possible, the producing Party shall provide a printout of the entire tree structure of the source code that sets forth the hierarchy of the folder system and files that contain the source code as loaded on the Source Code Computer in order to facilitate the receiving Party's review of the source code. Alternatively, if the receiving Party possesses properly licensed software to create such a tree structure, the producing Party will install such software on the Source Code Computer used during inspection.

d.      The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The producing Party may visually monitor the activities of the receiving Party's

6

representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

e.     The receiving Party is prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the secure room in which the source code is viewed. Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, dictaphones, telephone jacks or other devices be permitted inside the secure room where the source code is viewed.

f.     If any individual inspecting the producing Party's source code seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the secured room in which the source code is viewed.

g.     Under no circumstances are original printouts of the source code to be made except for directly onto watermarked, numbered and lined sides of the paper provided by the producing Party.

h.     The receiving Party may cause to be printed portions of the source code that the receiving Party reasonably believes to be relevant to the case. The receiving Party may identify those portions of the source code to be printed by file name and line number. The producing Party shall print the portions of requested source code on watermarked, pre-Bates numbered, lined paper, which shall be provided by the producing Party. Outside counsel of record for the producing Party will keep the original printouts, and shall make available copies of such original printouts to outside counsel of record for

7

the receiving Party within 48 hours of being notified of the receiving Party's print request.

   i.    Outside counsel of record for the receiving Party may request up to 7 copies of each original printout of source code. No additional electronic copies of the source code shall be provided by the producing Party. Upon receipt of a request for source code printouts, the producing Party may object to production of a printout on the grounds that the receiving Party seeks more source code than necessary or seeks source code that is not relevant to the case. Any source code printouts shall be logged by the receiving Party as set forth in Paragraph 8(k) below. Hard copies of the source code also may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology. The receiving Party shall not print source code in order to review the source code elsewhere in the first instance, i.e., as an alternative to reviewing that source code electronically on the computer provided by the producing Party, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of the source code for review and analysis in the first instance elsewhere.

   j.    Where absolutely necessary or required by the Court, a receiving Party may make further copies of original source code printouts to be included in pleadings filed under seal, to be included as exhibits in expert reports, or to be used as exhibits in depositions, where such pleadings, expert reports, and transcripts from such depositions are designated "Highly Confidential – Source Code." In the event copies of source code printouts are used as exhibits in a deposition, the printouts shall not be provided to the court reporter and further copies of the original source code printouts made for the

8

deposition shall be either destroyed or provided to counsel for the producing Party at the conclusion of the deposition.

k.      The receiving Party's counsel shall keep a log that records any further copy of original source code printout made pursuant to the previous Paragraph and the identity of each individual to whom any printed source code is provided and when it was provided to that person, and within thirty days after the issuance of a final, non-appealable decision resolving all issues in this action, the receiving Party must serve upon the producing Party the log. In addition, any Experts of the receiving Party to whom the paper copies of the source code were provided must certify in writing that all copies of the source code were returned to the counsel who provided them the information and that they will make no use of the source code or of any knowledge gained from the source code in any future endeavor. This logging provision applies only to copies of source code printout made pursuant to section 8(j) that are not ultimately provided to the producing Party through, for example, service of a pleading or expert report or use at a deposition.

l.      Prior to the first inspection of any source code that the producing Party has made available for inspection, the receiving Party shall provide seven (7) days' notice that it wishes to inspect such source code. The receiving Party shall provide seven (7) days' notice prior to any additional inspections of such source code.

m.      At the request of the receiving Party made at least fourteen (14) days in advance of a deposition, the producing Party shall make a searchable electronic copy of the source code available on a stand-alone computer ("Source Code Deposition Computer") during deposition, provided that the witness is permitted access to the

9

requested source code under this Protective Order. Any software review tool installed on the producing Party's Source Code Computer, including any tools installed at the receiving Party's request, shall also be installed on the Source Code Deposition Computer. The source code loaded on the Source Code Deposition Computer shall be the same as the source code loaded on the Source Code Computer, with the same tree structure, hierarchy of the folder system, files that contain the source code, folder names and file names.

n.      Any person designated to receive "Highly Confidential – Source Code" information shall execute the "Written Assurance" attached as Exhibit A to this Protective Order.

9.      Access to any "Confidential" document shall be limited to:

a.      The Court, its technical advisor (if one is appointed), persons employed by the Court, and jurors;

b.      Attorneys, their law firms, and their Outside Vendors;

c.      In House Counsel;

d.      Persons (including former employees) shown on the face of the document to have authored or received it;

e.      Persons testifying in depositions or in court proceedings provided that (1) such documents or information were authored by, addressed to, or received by such persons or other persons employed by or formerly employed by the same entity as such persons, or (2) such documents or information were produced or obtained from such persons or their employer or their former employer;

10

f.     Court reporters retained to transcribe testimony at a hearing, trial, or deposition in this action or any appeal therefrom, including their necessary stenographic, videographic and clerical personnel;

g.     The Parties;

h.     Outside independent persons who are retained by a Party or its Attorneys to furnish technical or expert services, including testifying Experts, investigators, and consulting Experts. Such independent persons must sign a Written Assurance, and such Written Assurance must be retained and preserved during this litigation by the Attorney of record;

i.     Graphics, translation, design, trial and/or jury consultant(s) and/or mock jurors, retained by a Party or its Attorneys. Each such consultant must sign a Written Assurance, and such Written Assurance must be retained and preserved during this litigation by counsel of record, but such Written Assurance need not be disclosed to the producing Party, unless the Court for good cause orders otherwise;

j.     Any mediator or arbitrator engaged by the Parties.

10.    Access to "Confidential – Attorneys' Eyes Only," information shall be limited to the persons designated in Paragraphs 9 a, b, c, d, e, f, h, i and j.

11.    Access to "Highly Confidential – Source Code" information shall be limited to the persons designated in Paragraphs 9 a, b, d, e, f, h, i and j.

12.    Any Party who initially designates information "Confidential" may further designate that information "Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" if it later discovers that a heightened confidentiality designation is warranted. Similarly, any Party who designates information "Confidential-

11

Attorneys' Eyes Only" may further designate such information "Highly Confidential –
Source Code if it later discovers that a heightened confidentiality designation is
warranted.

13.     If a Party discloses "Confidential" or "Confidential – Attorneys' Eyes
Only," information to its In House Counsel but the disclosing Party later contends that
specific information should be withheld from the receiving Party's In House Counsel, the
disclosing Party may object to the continued disclosure of that information and may seek
to have the information withheld from such In House Counsel. The objecting Party must
identify the specific information it seeks to withhold and must specify why it objects to
continued disclosure. The Parties shall meet and confer regarding any such objections
and, if they cannot resolve any disputes, the party objecting to disclosure may seek relief
from the Court. The opposing Party will have the opportunity to respond to any such
motion filed with the Court.

14.     Non-parties or third-parties producing documents in the course of this
action voluntarily or pursuant to a subpoena or court order may also designate documents
as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential –
Source Code" subject to the same protections and constraints as the Parties in the action.
A copy of the Protective Order shall be served along with any subpoena served in
connection with this action.

15.     Unless otherwise ordered by the Court, each person designated pursuant to
Paragraph 9(h) to receive "Confidential," "Confidential – Attorneys' Eyes Only," or
"Highly Confidential – Source Code" information shall execute a "Written Assurance" in
the form attached as Exhibit A. Seven (7) days prior to disclosing any "Confidential,"

12

"Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" information to any such person, the party designating the individual must notify opposing counsel that it wishes to disclose the information. The notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made, specifically including: (i) the full name of the independent person and the city and state of his or her primary residence, (ii) a copy of the independent person's current resume, (iii) the independent person's current employer, (iv) each person or entity from whom the independent person has received compensation or funding for work in his or her area of expertise or to whom the independent person has provided professional services, including in connection with litigation, at any time during the preceding four years, (v) identification (by name and case number, filing date, and location of court) of all cases in which the independent person has offered testimony, including through a declaration, report, deposition testimony or trial testimony, during the preceding four years, and (vi) an executed copy of the Written Assurance attached hereto as Exhibit A. Any objection by the producing Party to an Expert or consultant receiving "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" information must be made in writing within seven (7) days following receipt of the information required in (i)-(vi). If a Party objects in writing to such disclosure within seven days after receipt of notice, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court or the objecting Party. Parties may not unreasonably withhold approval of independent persons.

16.    Portions of depositions taken in this action that contain trade secret or other confidential information, including source code, may be designated "Confidential,"

13

"Confidential – Attorneys' Eyes Only, or "Highly Confidential- Source Code" and thereby obtain the protections accorded other such documents. Specific confidentiality designations for depositions shall be made either on the record or by written notice by page and line to the other Party within ten days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential – Attorneys' Eyes Only" during the ten-day period following receipt of the transcript. In any deposition involving "Highly Confidential- Source Code" information, the deposition shall be treated as "Highly Confidential – Source Code" during the ten-day period following receipt of the transcript. Any portion of any deposition that encompasses, "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential- Source Code" information shall be taken only in the presence of persons who are qualified to have access to such information.

17.     Any Party who inadvertently fails to identify documents as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" shall have ten (10) days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any Party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

18.     Any Party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving Party and request that the documents be returned. The receiving Party shall return such inadvertently produced documents, including all copies,

14

within ten (10) days of receiving such a written request. The Party returning such inadvertently produced documents may thereafter seek reproduction of any such documents pursuant to applicable law.

19.     If a Party files a document containing "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential- Source Code" information with the Court, it shall do so in compliance with the Local Rules of this Court for filing materials under seal. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential- Source Code," the Parties may seek further protections against public disclosure from the Court.

20.     Any Party may request a change in the designation of any information designated "Confidential," "Confidential – Attorneys' Eyes Only," Or Highly Confidential – Source Code." Any such document shall be treated as designated until the change is complete. If the requested change in designation is not agreed to, the Party seeking the change may move the court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential- Source Code" in the action may be affected.     The Party asserting that the material is "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential- Source Code" shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

21.     Prosecution Bar:  Absent written consent from the producing Party, any person described under subsection 21(a) below who reviews "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" information of a technical nature

15

shall not, from the time of first review of such information until one (1) year after the verdict or settlement of this action, directly or indirectly draft patent specifications or directly or indirectly draft, amend, advise upon, make arguments, or otherwise influence or affect the scope of patent claims before any foreign or domestic patent office, including the United States Patent and Trademark Office ("PTO"), of any new, reissue, continuation, or continuation-in-part patent applications relating to: (i) magnetic resonance angiography ("MRA"), k-space data sampling, producing or interpolating between k-space data sets, or reconstructing, projecting, or displaying MR images. This provision does not prohibit individuals from participating in reexamination proceedings for, or other maintenance of, previously issued patents.

a. The Prosecution Bar shall apply to any individual who substantially engages in patent prosecution. Substantial engagement in prosecution includes preparing or obtaining disclosure materials for new inventions and inventions under development, investigating prior art relating to such inventions, making strategic decisions on the type and scope of patent protections that might be available for such inventions, writing, reviewing, or approving new, continuation, or continuations-in-part applications to cover such inventions, or amending or surrendering claim scope during prosecution.

b. The Parties may object to application of the Prosecution Bar to any particular individual. Should any Party object to application of the Prosecution Bar, they must provide written notice of their objection by identifying the individual they seek to exclude from the Prosecution Bar, and why the Prosecution Bar should not apply to that individual, including a thorough description of the person's relevant activities and responsibilities. The Parties shall then meet and confer within seven (7) days and, if they

16

cannot resolve their dispute, the Party seeking relief from the Prosecution Bar may move the Court for relief. The opposing Party shall have an opportunity to respond to any objection to application of this Prosecution Bar, and the Court will resolve any disputes on a case-by-case basis.

22.     Within sixty days of the termination of this action, including any appeals, all Parties shall either destroy or return to the producing Party all documents designated by the producing Party as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each Party shall provide a certification as to such return or destruction within the sixty day period. Attorneys and In House Counsel shall be entitled to retain, however, a set of all pleadings, all documents filed with the Court and all correspondence, attorneys' notes, and internal memoranda generated in connection with the action.

23.     The obligations imposed by this Protective Order shall survive the termination of this action. Within sixty days following the expiration of the last period for appeal from any order issued in connection with this action, the Parties shall remove any materials designated "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" from the office of the Clerk of the Court.

24.     One of the Defendants in this action is a German corporation, and discovery will likely involve the production of materials housed in Germany. Defendants contend that further limitations related to Germany's data protection and privacy laws are necessary and that they must adhere to those laws. The German laws in question include, but are not limited to the Bundesdatenschutzgesetz, the Telemediengesetz, and the

17

Telekommunikationgesetz. Defendants contend that any document production made by SAG must comply with all applicable German laws. Plaintiff disputes that further limitations are applicable based on German law.

25.   Any Party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

26.   No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

27.   The Parties may expand, contract or clarify the definitions of "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" by written agreement without the need to seek a further Order of this Court implementing their agreement. Any modification to the definitions of "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" will be consistent with Seventh Circuit and Western District of Wisconsin precedent.

28.   The restrictions set forth in this Protective Order shall not apply to information or material that:

a.   was, is, or becomes public knowledge other than by violation of this Protective Order;

b.   is acquired by the non-designating Party from a third party having the right to disclose such information or material; or

18

c. was lawfully possessed by the non-designating Party prior to the entry by the Court of the Protective Order.

29. Nothing contained in this Protective Order shall preclude a Party producing "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential- Source Code" information from using its own confidential information in any manner it sees fit without prior consent from any other Party or from the Court.

30. The Court retains and shall have jurisdiction over the Parties and recipients of "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" information so designated under this Protective Order for enforcement of the provisions of this Order during this litigation or following termination of this litigation. The United States District Court for the Western District of Wisconsin is responsible for the interpretation and enforcement of this Protective Order and all disputes concerning "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential- Source Code" information shall be resolved by the United States District Court for the Western District of Wisconsin.

31. This Order shall be binding upon the Parties and their Attorneys, successors, legal representatives, administrators, assigns, subsidiaries, divisions, employees, former employees, agents, independent contractors, or other persons or organizations over which they have control.

SO AGREED, STIPULATED, AND ORDERED:

Dated: _JUNE 14_, 2012

Stephen L. Crocker
United States Magistrate

19

EXHIBIT A
WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____,

County of _____, State of _____;

I am currently employed by _____ located at

_____ and my current job title is

_____.

I have read and believe I understand the terms of the Protective Order dated,

_____, filed in Case. No. 11-cv-785-BBC pending in the United States District

Court for the Western District of Wisconsin. I agree to comply with and be bound by the

provisions of the Protective Order, including the Prosecution Bar. I understand that any

violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated

"Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source

Code" obtained pursuant to such Protective Order, or the contents of such documents, to

any person other than those specifically authorized by the Protective Order. I shall not

copy or use such documents except for the purposes of this action and pursuant to the

terms of the Protective Order.

As soon as practical, but not later than thirty days after final termination of this

action, I shall return to the attorney from whom I have received them, any documents in

my possession designated "Confidential," "Confidential – Attorneys' Eyes Only," or

"Highly Confidential – Source Code" and all copies, excerpts, summaries, notes, digests,

abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the

Western District of Wisconsin for the purposes of enforcing or otherwise providing relief

relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
         (Date)                                    (Signature)